Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony P. Leofanti; Plaintiff, v. Chapman Bell Road Imports, L.L.C.; Defendant. | No. **COMPLAINT** (Jury Trial Demanded) |

**Preliminary Statement**

1. Defendant made three separate credit report inquiries on Plaintiff without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks monetary, declaratory and injunctive relief.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), and in that the Defendant's conduct complained of occurred in the District.

## Parties

4. Plaintiff is a natural person and a resident of Maricopa County, Arizona. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Chapman Bell Road Imports, L.L.C. ("Chapman") is an Arizona limited liability company doing business under the trade name of Chapman Hyundai.

6. Chapman is in the business of selling and buying new and used automobiles in Phoenix, Arizona.

7. Chapman is a "person" as defined by 15 U.S.C. § 1681a(b).

## Factual Allegations

### *The Impermissible Access*

8. On or about July 19, 2015, Mr. Leofanti contacted Chapman through an on-line submission form to inquire about an advertisement in which Chapman offered to purchase used vehicles for 125% above Kelley Blue Book price.

9. The following day, Mr. Leofanti received a credit alert from Credit Karma, a credit monitoring service to which Mr. Leofanti had subscribed.

10. The credit alert showed that Chapman had obtained three consumer reports (hereinafter "credit reports" or "consumer reports") on Mr. Leofanti.

11. Upon further investigation, Mr. Leofanti confirmed that on July 20, 2015, Chapman had requested and obtained a credit report on Mr.

1         Leofanti from Trans Union, a national consumer reporting agency.

2 12.   Chapman's stated purpose for requesting the Trans Union credit report was "Credit Transaction."

4 13.   Plaintiff also confirmed that on July 20, 2015, Chapman requested and obtained a credit report on Mr. Leofanti from Experian Information Solutions, Inc., a national consumer reporting agency.

7 14.   Upon information and belief, Chapman's stated purpose for requesting the Experian credit report was "Credit Transaction."

9 15.   Plaintiff confirmed that on that same date, Chapman also requested and obtained a credit report on Mr. Leofanti from Equifax Information Services, LLC, a national consumer reporting agency.

12 16.   Upon information and belief, Chapman's stated purpose for requesting the Equifax credit report was "Credit Transaction."

14 17.   The credit reports obtained by Chapman are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

16 18.   At the time the inquires were made, Mr. Leofanti's sole contact with Chapman was the submission of an on-line contact form.

18 19.   At the time the inquires were made, Mr. Leofanti had not submitted a credit application, nor had he indicated that he was interested in purchasing a vehicle from Chapman on credit.

21 20.   At the time the inquires were made, Mr. Leofanti had not given Chapman permission to access his credit report for any purpose.

23 21.   At the time the inquires were made, Chapman had never conveyed to Mr. Leofanti that it would be requesting credit reports on him.

25 22.   At the time the inquires were made, Chapman had never asked Mr.

Leofanti for his date of birth or his Social Security Number, nor was this information provided to Chapman.

23. At the time the inquires were made, Mr. Leofanti had not provided Chapman with written instructions authorizing Chapman to obtain a consumer report on him.

24. At the time the inquires were made, Mr. Leofanti had not made an inquiry about credit, or initiate any credit transaction with Chapman.

25. At the time the inquires were made, Mr. Leofanti had no existing business relationship which would have made Chapman's inquires permissible under the FCRA.

26. At the time the inquires were made, Chapman had no legitimate business need for obtaining these three consumer reports on Mr. Leofanti.

27. At the time the inquires were made, Chapman had no permissible purpose as defined by the FCRA for obtaining the three consumer reports on Mr. Leofanti.

28. At the time Chapman made its inquiries, it knew that it did not have a permissible purpose to access Mr. Leofanti's consumer reports.

29. The actions of Chapman complained of herein caused harm and damages to Plaintiff within the State of Arizona.

30. Chapman knew that its actions in obtaining consumer reports on Mr. Leofanti without a permissible purpose would cause Mr. Leofanti harm and damages.

31. At the time Chapman made its inquiries, Chapman knew that its stated purposes for obtaining Mr. Leofanti credit reports, that of "Credit Transaction," were false.

32. Upon information and belief, at the time Chapman obtained Plaintiff's credit reports on July 20, 2015, Chapman had a policy of regularly ignoring the requirements of the FCRA and regularly obtaining credit reports on consumers without permission and without a legally permissible purpose.

### Count I.   Violation of FCRA

*Negligently Obtaining Consumer Report Without Permissible Purpose*

33. Plaintiff incorporates the preceding paragraphs.
34. Chapman acted negligently in requesting and obtaining Mr. Leofanti's credit reports without a permissible purpose.
35. Chapman's conduct in obtaining Mr. Leofanti's credit reports without a permissible purpose therefore violated 15 U.S.C. §1681b(f).
36. As a result of Chapman's violation of the FCRA, Mr. Leofanti has suffered an invasion privacy, and other actual damages.

WHEREFORE, the plaintiff requests that this Court enter judgment in his favor and against defendant Chapman as follows:

    a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award his actual damages, for each impermissible access of his credit report;

    b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action and reasonable attorney fees; and

    c.    grant such other and further relief as the court deems just and proper.

### Count II.   Violation of FCRA

*Willfully Obtaining Consumer Report Without  Permissible Purpose*

37. Plaintiff incorporates the preceding paragraphs.

1  38.  Chapman acted willfully in requesting and obtaining Mr. Leofanti's
2       credit reports without a permissible purpose.
3  39.  Chapman's conduct in willfully obtaining Mr. Leofanti's credit reports
4       without a permissible purpose therefore violated 15 U.S.C. §1681b(f).
5  40.  As a result of Chapman's violation of the FCRA, Mr. Leofanti has
6       suffered an invasion privacy, and other actual damages.
7       WHEREFORE, the plaintiff requests that this Court enter judgment in
8  his favor and against defendant Chapman as follows:
9       a.  pursuant to 15 U.S.C. § 1681n(a)(1)(A), award his actual dam-
10          ages, or not less than $100 and not more than $1,000 for each
11          impermissible access of his credit report, whichever is greater;
12      b.  pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive dam-
13          ages as the Court deems appropriate;
14      c.  pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action
15          and reasonable attorney fees; and
16      d.  grant such other and further relief as the court deems just and
17          proper.
18 / / /
19 / / /

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  August 12, 2015  .

       s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff